UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action File No. _____ Jury Demanded |
| SUNSHINE INTERNATIONAL CORPORATION d/b/a STEPUP SCAFFOLDING, LLC, and LIPSCOMB & PITTS INSURANCE, LLC. | ) ) ) ) ) | |
| Defendants. | | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Zurich American Insurance Company of Illinois ("Zurich") submits the following as its Complaint Against Sunshine International Corp. a/k/a Stepup Scaffold ("Sunshine") and Lipscomb & Pitts Insurance, LLC ("L&P"), showing the following:

(1)   Plaintiff is an Illinois corporation with its principal place of business located in Schaumburg, Illinois.

(2)   Defendant Sunshine is a Tennessee corporation with its principal place of business located in Memphis, Tennessee.

(3)   Defendant Lipscomb is a Delaware corporation with its principal place of business located in Memphis, Tennessee.

(4)   The amount in controversy exceeds $75,000.

(5)   Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.  Venue is proper in this Court as Defendant has its principal place of business located in Memphis, Tennessee.

**THE INSURANCE APPLICATION**

(6) Sunshine retained L&P to help it obtain, *inter alia*, a workers compensation insurance coverage quote in early 2015.

(7) L&P then asked Zurich to provide Sunshine with a quote for such workers' compensation coverage.

(8) As part of Zurich's assessment as to whether it would accept the risk and provide a quote for workers' compensation coverage to Sunshine, Zurich asked L&P to have Sunshine complete an insurance application for such coverage. This form listed Sunshine as the applicant.

(9) L&P returned the completed application to Zurich, dated December 29, 2015. In the application, Sunshine sought named insured status for the Defendant's CEO, Wei Chen.

(10) The first question in the General Information section of the application asked the Defendant, as an applicant, the following question: "Does the applicant own, operate or lease aircraft or watercraft?"

(11) In response to this question, Sunshine answered "No."

(12) Based on Sunshine's 2015 application answers, Zurich was able to assess its risks and issue a workers' compensation insurance price quotation, which was accepted by Sunshine. Accordingly, Zurich issued a workers' compensation policy of insurance, with Wei Chen listed as a named insured, that afforded coverage for a one-year period. This policy had been renewed.

(13) In 2018, Zurich asked L&P to have Sunshine submit a new application form for workers' compensation coverage. Sunshine did and L&P forwarded the application to Zurich, with an application date of January 23, 2018. The applicant name on the application was Sunshine.

(14) Again, in response to the first question in the General Information section, "Does applicant own, operate or lease aircraft/watercraft?" Sunshine answered, "No." In this application, Sunshine also requested that Wei Chen be given a named insured status.

(15) Based upon Sunshine's responses to this application, Zurich was able to assess the risk and costs and continue to provide workers' compensation insurance coverage, pursuant to Policy No. WC 0124058-03 (the "Policy").

(16) The Policy issued by Plaintiff included Wei Chen as a named insured.

## THE ACCIDENT

(17) Paragraphs 1-16 of this Complaint are included in this subpart as though set forth in full.

(18) On December 20, 2018, Sunshine's CEO, Wei Chen, piloted a Cessna 560, with registration # N188CW ("the plane"), out of Atlanta's Fulton County Airport, at approximately 12:10 p.m.

(19) Passengers on that flight included Sunshine's employees/officers, Danielle Robinson, Jiang Chen, and Bruce Pelynio.

(20) Tragically, almost immediately after takeoff, the plane crashed, killing all four occupants on board.

## WEI CHEN AND CHEN AIRCRAFTS, LLC

(21) Paragraphs 1-20 are incorporated into this section as though set forth in full.

(22) At all times applicable to this Complaint, Sunshine's CEO, Wei Chen, was an avid pilot, becoming the first Chinese citizen to circumnavigate the earth in a single engine aircraft.

(23) The plane was owned by Chen Aircrafts, LLC, whose business address is the same as that of Sunshine.

(24) Wei Chen was the sole owner of Chen Aircrafts, LLC.

(25) Sunshine is the Registered Agent for Chen Aircrafts, LLC.

(26) Sunshine's CEO, Wei Chen, would operate and/or lease Chen Aircraft LLC's aircraft and/or other aircraft for use in Sunshine's business.

(27) Upon information and belief, Sunshine's other employees and/or officers would accompany Wei Chen on aircraft owned, operated, or leased by Wei Chen, on matters dealing with Sunshine's company business.

(28) Sunshine incorrectly and repeatedly answered "No" in response to Question 1 of the General Information section of the workers' compensation applications from 2015 to date, which asked "Does applicant own, operate or lease aircraft/watercraft?"

## CLAIMS AGAINST THE POLICY

(29) Paragraphs 1-28 are incorporated into this section as though set forth in full.

(30) Statutorily authorized individuals have made workers compensation death benefit claims for all four decedents involved in the plane crash, which Sunshine wishes to be paid via the policy.

(31) The total amount of these claims is IN EXCESS OF $75,000.00.

## THE ZURICH – L & P AGREEMENT

(32) Paragraphs 1-31 are incorporated into this section as though set forth in full.

(33) Zurich and L&P entered into a Producer Agreement ("Agreement"), which allowed L&P to refer submissions to the company, pursuant to set pricing and other conditions.

(34) The Agreement states:

> By executing this Agreement, we [Zurich] recognize you [L&P] as a Producer and not a representative or employee…You remain an independent contractor with the right to conduct your business as you determine.

(35) The Agreement was in force at all times applicable to the Complaint.

## COUNT I – DECLARATORY JUDGMENT FOR RESCISSION

(36) Paragraphs 1-35 are incorporated into this Count as though set forth in full.

(37) In determining whether to provide Sunshine with workers' compensation insurance and the cost of such insurance, Zurich had to assess the risk of loss for such coverage.

(38) The applications for insurance cited above were signed as being truthful and complete by L&P's Vice President, Charles "Bo" Midgett, Jr.

(39) The applicant's response to Question 1 of the General Information section of the submitted workers' compensation insurance application was false when it stated that Sunshine "does not own, operate or lease aircraft."

(40) Sunshine's actions in owning, operating, or leasing aircraft increased Zurich's risk of loss.

(41) Questions exist as to whether Sunshine provided false responses for Question 1 to Zurich, through L&P, which executed and submitted the workers' compensation insurance applications seeking workers' compensation insurance coverage for Sunshine.

(42) Questions exist as to whether L&P knew that the responses to Question 1 of the workers' compensation insurance applications were false prior to submitting them to Zurich seeking workers' compensation insurance coverage for Sunshine.

(43) Questions exist as to whether L&P failed to have Sunshine properly complete the workers' compensation insurance applications prior to submitting them to Zurich for coverage for Sunshine.

(44) If L&P failed to properly obtain and/or to correct application information from Sunshine that it knew to be false, questions exist as to whether L&P breached its contractual duties to Zurich and would be liable for any and all sums of money that Zurich would pay as a result of the workers compensation claims discussed above.

(45) If L&P failed to properly obtain and/or correct information that it knew or should have reasonably known to be false, which was requested in the workers' compensation insurance applications that it submitted on behalf of Sunshine to

Zurich, L&P would have negligently failed to act in a reasonable manner incumbent upon it as an insurance agent/producer in Tennessee. L&P would then be liable to Zurich for any funds Zurich would be obligated to pay as a result of the workers compensation claims discussed above, because as damages, its negligence would have caused Zurich to issue a policy to Sunshine, with increased risks that it would not have foreseen.

(46) Zurich seeks a declaratory judgment by this Court as to whether the Policy is void and rescission is proper, as provided by Tennessee law, because Sunshine's misrepresentations in its applications for workers' compensation insurance materially increased the risk of loss.

(47) Should the Court determine that the workers' compensation policy at bar is not void and rescission is not proper, Zurich seeks a declaratory judgment from the Court finding L&P liable to Zurich for any sums Zurich may be liable to pay as a result of the workers compensation claims discussed above, because of L&P's breach of contract and/or negligence.

Wherefore, Plaintiff seeks:

(a) Judgment in its favor voiding the parties' workers' compensation policy of insurance, through rescission; or, in the alternative, judgment in its favor against L&P;

(b) Plaintiff demands a jury;

(c) Costs; and

(d) Whatever other relief this Court deems proper.

This 13th day of March, 2019.

**/s/ Bradford D. Box**
Bradford D. Box
Tennessee Bar No. 016596
**/s/ Jonathan D. Stewart**
Jonathan D. Stewart
Tennessee Bar No. 023039
*Attorneys for Plaintiff*
RAINEY, KIZER, REVIERE & BELL, PLC
209 E. Main Street
P.O. Box 1147
Jackson, TN 38302-1147
(731) 423-2414
bbox@raineykizer.com
jstewart@raineykizer.com

Of Counsel, to appear *Pro Hac Vice*:
**/s/ Frederick Owen Ferrand, Esq.**
Frederick Owen Ferrand
Georgia Bar No. 259169
**/s/ Kori E. Eskridge, Esq.**
Kori E. Eskridge
Georgia Bar No. 155438
*Attorneys for Plaintiff*
SWIFT, CURRIE, McGHEE & HIERS, LLP
1355 Peachtree St., N.E., Suite 300
Atlanta, GA  30309
Ph:  404-874-8800
Fx:  404-888-6199
E-mail:  fred.ferrand@swiftcurrie.com
E-mail:  kori.eskridge@swiftcurrie.com